FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 24 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
MAGALY E. HERIVEAUX,

                Plaintiff,

    -against-

BERRIEN COUNTY, MICHIGAN,

                Defendant.
------------------------------------------------------- x

**MEMORANDUM & ORDER**

**15-CV-4138 (ENV)(LB)**

VITALIANO, D.J.

On July 13, 2015, plaintiff Magaly E. Heriveaux commenced this *pro se* action against a county in the state of Michigan, alleging various causes of action. For the purposes of this Order, the Court grants plaintiff's request to proceed *in forma pauperis*. The complaint, however, is dismissed with prejudice, and plaintiff is once again warned that frivolous filings can result in a filing ban and/or monetary sanctions.

## Background

This action is the fourth initiated by plaintiff in this Court in recent months. The Court has dismissed the three prior complaints, and denied plaintiff's subsequent motions for reconsideration, for frivolousness. *Heriveaux v. Fed. Gov't*, No. 14-CV-7105 (dismissed December 11, 2014); *Heriveaux v. Sec. of Def.*, No. 15-CV-340 (dismissed February 7, 2015);

*Heriveaux v. FEMA*, No. 15-CV-2326 (dismissed May 10, 2015). With each dismissal and denial, the Court has fervently warned plaintiff that she would be subject to sanctions and a filing ban if she continued to waste the Court's resources with frivolous motions and filings.

According to the latest complaint, Heriveaux, at some point over seven years ago, held a job in Michigan at "Riverwood Center, Benton Harbor," where she was a supervisor for four months before resigning. (Compl., ECF No. 1, at 1). She pleads that Berrien County, Michigan is liable for obstruction, misrepresentation, inducement, duress, mail fraud, exploitation, sexual discrimination, harassment, classism, and, among other things, corruption. (*Id.* at 2). Heriveaux maintains that her prior lawsuits before the Court have not been successful because a group of unidentified "mostly young men," have been intentionally interfering with her attempts to prosecute her claims. (*Id.* at 1). Specifically, these men have been technologically surveilling on her, as well as committing "ongoing threats, acts of mental cruelty and other civil and federal violations," which have resulted in "obstruction with [her] search for legal assistance and outreach efforts." (*Id.*). Because of these actions, plaintiff seeks $10 million in punitive damages and equitable relief in various forms, such as an order of mandamus requiring various state and federal law enforcement and military agencies to secure Berrien County,

along with steep financial punishments for officials who "abuse their authority." (*Id.* at 2-5).

## Discussion

While it is true that *pro se* complaints must be held to less stringent standards than pleadings drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). In this case, plaintiff fails to plead anything resembling a rational, plausible, or factually-supported claim. Indeed, the complaint epitomizes frivolousness, and, therefore, dismissal is clearly warranted. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (holding, for purposes of dismissal under 28 U.S.C. § 1915, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts are available to contradict them").[1]

The Court also reiterates its warning to plaintiff that frivolous litigation will not be tolerated and that she will be subject to a filing injunction and/or

---

[1] To the extent that the conduct of any of Berrien County's employees or agents is referenced at all, that conduct occurred in Michigan. Consequently, venue would lie in the Western District of Michigan and not in this district.

3

the imposition of monetary sanctions upon notice and opportunity to be heard. *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). "The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citations, alteration, and internal quotation marks omitted); *see also* 28 U.S.C. § 1651(a).

## Conclusion

In line with the foregoing, and amendments being futile, the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to close this case.

So Ordered.

Dated: Brooklyn, New York
August 3, 2015

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge

4